J-S19016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM HENRY KASSE | : | |
| | : | |
| Appellant | : | No. 1566 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 6, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004347-2013

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: AUGUST 22, 2023**

William Henry Kasse appeals from the judgment of sentence entered following his conviction for two counts of conspiracy to receive stolen property.[1] Kasse's counsel filed a petition to withdraw as counsel and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We grant counsel's petition to withdraw and affirm the judgment of sentence.

In February 2015, Kasse pled guilty to the above crimes. The court sentenced him to three to 23 months' incarceration for the first count of conspiracy and a consecutive term of 36 months reporting probation for the remaining count of conspiracy. The court also ordered that he pay restitution in the amount of $17,901.92.

_____

[1] 18 Pa.C.S.A. §§ 903 and 3925(a), respectively.

On February 16, 2022, the probation department filed a violation report. The court aptly summarized the allegations of the report and what proceeded thereafter as follows:

> The report alleged that [Kasse] committed technical violations while on probation. Specifically, [Kasse] failed to report as directed for a period of three months and was in arrears towards his financial responsibilities – most importantly, restitution payments to the victims. On March 9, 2022, Probation Services filed another probation violation report, this time alleging that [Kasse] had been newly arrested after being found in the possession of a firearm that was stolen from a vehicle at his workplace in Monroe County. On September 2, 2022, [Kasse] pled guilty to the charge of firearm not to be carried without a license (graded as a misdemeanor of the first degree) in Monroe County.
>
> At his Gagnon II hearing on August 11, 2022, [Kasse] admitted both the technical and new arrest violations. N.T. Gagnon Hearing, 8/11/22, p.2.

Opinion Pursuant to Pa.R.[A.]P. 1925(a), filed 1/31/23, at 1-2 (footnote omitted).[2] The court ordered a Pre-Sentencing Investigation Report ("PSI") and sentenced Kasse to 18 to 36 months' incarceration and reinstated restitution. This timely appeal followed.

Counsel lists one issue in the **Anders** brief: "Whether the trial court abused its discretion in sentencing [Kasse] to a State Correctional Facility

---

[2] Prior to 2022, the court resentenced Kasse for violations of probation on two occasions. The first occurred on April 12, 2018, when the court revoked Kasse's probation and resentenced him to a term of five years reporting probation. **See** Order of Court, filed 4/12/18. The second occurred on November 4, 2020, where the court revoked Kasse's probation and resentenced him to 23 days to 12 months' incarceration with 23 days of credit for time served followed by a consecutive term of four years reporting probation. **See** Order of Court, filed 11/4/20.

without properly addressing all the factors set forth in the Sentencing Code."
*Anders* Br. at 1.

Because counsel has filed an *Anders* brief, we must first address whether counsel has satisfied the procedural requirements under *Anders*. *See Commonwealth v. Cox*, 231 A.3d 1011, 1014 (Pa.Super. 2020). Counsel files an *Anders* brief "when counsel believes an appeal is frivolous and wishes to withdraw from representation[.]" *Id.* When filing an *Anders* brief, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa.Super. 2006) (citation omitted).

An *Anders* brief must also:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

If counsel has satisfied the above requirements, we then conduct "a full examination of all the proceedings[ ] to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa.Super. 2018) (*en banc*) (quoting *Anders*, 386 U.S. at 744).

Counsel has satisfied the procedural requirements under *Anders*. He filed a petition with this Court to withdraw, stating that after his conscientious review of the record, he concluded that the appeal would be frivolous. He also filed a brief referencing any issues that might arguably support the appeal, furnished a copy of the brief to Kasse, advised him of his right to retain new counsel or proceed *pro se*, and advised him that he could file his own brief with this Court. *See* Application to Withdraw as Counsel, filed 3/22/23; Letter from Matthew P. Kelly to William Henry Kasse, dated 3/14/23. Additionally, counsel's *Anders* brief summarizes the procedural history and facts, with citations to the record; refers to anything in the record that counsel believes arguably supports the appeal; sets forth counsel's conclusion that the appeal is frivolous; and explains his reasons for concluding that the appeal is frivolous, including citation to relevant law. Kasse has not responded to counsel's petition to withdraw.

Having determined that counsel satisfied the procedural requirements of *Anders*, we now address the issue raised in counsel's *Anders* brief – whether the court abused its discretion in sentencing Kasse without consideration of all the sentencing factors in the Sentencing Code. This issue

challenges discretionary aspects of Kasse's sentence, and there is no absolute right to appellate review. *See Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018). Rather, we must first determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Green*, 204 A.3d 469, 488 (Pa.Super. 2019).

Here, Kasse fails to satisfy the second prong of our four-part analysis. Kasse made no objections at the sentencing hearing and did not file a post-sentence motion challenging his sentence. Therefore, he did not preserve this issue for appeal. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) (stating claims challenging discretionary aspects of sentence must be raised in post-sentence motion or at sentencing, and the failure to do so results in waiver). This sentencing claim is therefore waived and wholly frivolous for direct appeal. *See id.* at 1042-43 (finding challenge to discretionary aspects of sentence frivolous where appellant failed to preserve claim below); *Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa.Super. 2016) ("An issue that is waived is frivolous").

Further, we found no other non-frivolous claims upon our independent review of the entire record. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/22/2023